IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Manigo,                           )<br>                                                     )<br>                    Plaintiff,            )<br>                                                     )<br>    vs.                                          )<br>                                                     )<br>Andy Strickland; Jodie Taylor; Matthew  )<br>Walker; David Mathews; and Colleton    )<br>County Sheriff's Department,             )<br>                                                     )<br>                    Defendants.         )<br>                                                     ) | C/A No.: 1:15-1264-DCN-SVH<br><br><br><br>REPORT AND RECOMMENDATION |

Brandon Manigo ("Plaintiff"), proceeding pro se and in forma pauperis, is incarcerated at Turbeville Correctional Institution. At the time he filed his complaint, Plaintiff was a pretrial detainee incarcerated at Colleton County Detention Center ("CCDC"). He filed this action pursuant to 42 U.S.C. § 1983 against Colleton County Sheriff's Department ("CCSD"), CCSD Sheriff Andy Strickland ("Strickland"), CCSD Captain Jodie Taylor ("Taylor"), and Colleton County Public Defenders David S. Matthews ("Matthews") and Matthew Walker ("Walker") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this

case without prejudice and without issuance and service of process as to CCSD, Matthews, and Walker.[1]

I.     Factual and Procedural Background

Plaintiff claims that he was subject to group punishment at CCDC and confined in his cell for 24 hours one day per week and for 23 hours six days per week. [ECF No. 1 at 3]. Plaintiff argues that South Carolina law provides that an inmate who has been held for more than 72 hours must be given the opportunity to engage in at least one hour of daily, outside, physical exercise. *Id.* Plaintiff claims that Strickland and Taylor locked him down without a disciplinary hearing. *Id.* at 4. Plaintiff alleges that he did not have the opportunity to call his family or attorney, and claims that he was not allowed to watch the news or read a newspaper. *Id.* Plaintiff alleges that the 23-hour lockdown has stopped all communications with the press. *Id.* Plaintiff states that he was locked down in inhumane conditions that include having been housed in a cell without a working ventilation system, exposure to rust, dust, and black mold, and having to use showers that are not cleaned regularly. *Id.* at 5. Plaintiff also claims that he was forced to eat his meals in his cell. *Id.* Additionally, Plaintiff argues that Walker was appointed as his attorney, but has not responded to any of his correspondence or his request for a speedy trial, and that Matthews did not respond to his complaints about Walker. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 7.

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

3

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. CCSD

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).[2] Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. Sheriffs' departments in South Carolina are considered state agencies. *See Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a

---

[2] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at *1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county."). Accordingly, CCSD is exempt from § 1983 liability and should be summarily dismissed from this action.

### 2.     Colleton County Public Defenders Matthews and Walker

A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981). Plaintiff alleges that Walker has failed to provide him with effective legal representation. As the performance of traditional legal functions does not constitute state action under § 1983, Walker is entitled to summary dismissal from this case. Matthews is also subject to summary dismissal, as Plaintiff fails to provide any factual allegations to demonstrate Matthews violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions).

## III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process as to CCSD, Matthews, and Walker.

IT IS SO RECOMMENDED.

August 5, 2015                                   Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).